United States District Court
Southern District of Texas

**ENTERED**

May 21, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| MIGUEL ANGEL GUERRERO GONZALEZ, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 5:26-CV-00713 |
| MIGUEL VERGARA, *et al.*, | § § § | |
| Respondents. | § | |

## **ORDER**

Pending before the Court is Petitioner Miguel Angel Guerrero Gonzalez's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). The Court notes that Petitioner's Petition and Petitioner's reply had some discrepancies as discussed below; **the Court advises Petitioner's counsel** that in any future filings before the Court, in this case or any other, Petitioner's Counsel is required to provide factually accurate and legally accurate information, and should the Court become aware that the information it has been provided is inaccurate, a show cause hearing may be held and sanctions may be warranted.

Petitioner filed his Petition for Writ of Habeas Corpus on April 20, 2026. (Dkt. 1.) Petitioner is a noncitizen who entered the United States in May of 2024. (*See* Dkt. 6 at 2; Dkt. 7 at 4.) Shortly after entering, Petitioner was apprehended by immigration officials, taken into custody, found to have a credible fear by an immigration official, and then released from custody into the United States. (*See* Dkt. 6 at 2, Attach. 5 at 3.) Years later, in February of 2026, Petitioner was

1 / 5

apprehended by immigration authorities and taken into custody when he reported to DHS as part of his supervision requirements. (*See* Dkt. 1 at 2; Dkt. 6 at 2, Attach. 5 at 2.) Thereafter, Petitioner was ordered removed by an Immigration Judge and filed a timely appeal of the removal order which remains pending. (Dkt. 6 at 2–3; Dkt. 7 at 2.)  Petitioner argues he is being unlawfully detained subject to mandatory detention under 8 U.S.C. § 1225(b) in violation of his Fifth Amendment rights. (Dkt. 7 at 2; Dkt. 1 at 7–8.)[1]  He asks the Court to order his immediate release or in the alternative, provide him with a bond hearing. (Dkt. 1 at 9.)

The Court ordered Respondents to respond to Petitioner's petition on or before April 24, 2026. (Dkt. 2.) Respondents filed a timely response addressing Petitioner's claims, (Dkt. 6), and Petitioner filed a reply to Respondents' response, (Dkt. 7). Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla Chicas v. Warden*, 2026 WL 539475 (S.D. Tex. Feb. 20, 2026) and *Strunin v. Garcia*, 2026 WL 958952, at *1 (S.D. Tex. Mar. 3, 2026), in which the Court determined that the petitioners' detention by ICE violated their rights under the Due Process Clause.

As is well established, the Fifth Amendment's Due Process Clause applies to noncitizens and guarantees rights in addition to those as set out by Congress in statute. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United

---

[1] The Court notes that Petitioner initially alleged that he was subject to a final order of removal and raised Fifth Amendment claims in the context of his detention under 8 U.S.C. § 1231 which governs detention of noncitizens when their removal orders are administratively final, (Dkt. 1 at 5, 7, 8), however Petitioner also argues that his current detention under 8 U.S.C. § 1225 violates his due process rights, (Dkt. 1 at 6; Dkt. 7 at 2–4). Respondents correctly note that because Petitioner filed an appeal of his removal order that remains pending, Petitioners removal order is not final. (Dkt. 6 at 1.) Accordingly, Petitioner is currently detained subject to mandatory detention under 8 U.S.C. § 1225(b), not 8 U.S.C. § 1231.

States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); *Wong Wing v. United States*, 163 U.S. 228, 238 (1896) ("even aliens shall not be … deprived of life, liberty, or property without due process of law"); *see also Yamataya v. Fisher*, 189 U.S. 86, 100-01 (1903); *Mathews v. Diaz*, 426 U.S. 67, 77 (1976). Moreover, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690; *see also Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action."). For this reason, punitive civil detention violates due process. *See Kansas v. Hendricks*, 521 U.S. 346-57, 356 (1997); *United States v. Salerno*, 481 U.S. 739, 746 (1987). Civil immigration detention is permissible only to the extent that it is reasonably related to the statutory purposes of ensuring appearance at proceedings and protecting the community from danger. *See Zadvydas*, 533 U.S. at 690; *Foucha*, 504 U.S. at 72 ("Due process requires that the nature of commitment bear some reasonable relation to the purpose for which the individual is committed." (citing *Jones v. United States,* 463 U.S. 354, 368 (1983)). The Court reiterates that noncitizens who have established a presence in the United States have a protected liberty interest and a right to freedom from punitive civil detention that derives from the Constitution and guarantees due process protections under the Fifth Amendment's Due Process Clause. *See Rodriguez v. Frink*, 2026 WL 709487, at *4–5 (S.D. Tex. Mar. 13, 2026).

Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Bonilla Chicas* and in *Strunin* and because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case, the

Court is unpersuaded to alter its prior analysis of the issue.[2] In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States without inspection and has established ties to the United States through his residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of his flight risk and dangerousness and an opportunity to respond prior to detention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 2025 WL 2937880, at *7 (W.D. Tex. Oct. 16, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem et al.*, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Clemente Ceballos v. Garite,* 3:26-cv-00312-DB, at *3 n. 2 (W.D. Tex. Feb 10, 2026); *Torres v. Hermosillo*, 2026 WL 145715, *5 (W.D. Wash. Jan. 20, 2026) (collecting cases); *Rincon v. Hyde*, 2025 WL 3122784, *2 (D. Mass. Nov. 7, 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 147, 151 (W.D.N.Y. 2025); *Rodriguez v. Bondi*, 3:26-cv-292 (W.D. Tex. Feb. 25, 2026).

Thus, the Court holds that because Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

---

[2] Respondents note that in the instant case, Petitioner's parole was terminated, and he was provided with a document informing him that his parole was terminated on the date that he was detained. (Dkt. 6 at 10.) However, Respondents do not provide any evidence to show that an individualized determination of the need for detention has been made in Petitioner's case, nor any indication that Petitioner was provided with a meaningful opportunity to contest the need for detention in compliance with Petitioner's rights under the Due Process Clause of the Fifth Amendment.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED IN PART**. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 6), is **DENIED**.

1.     Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2.     Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than three hours** prior to Petitioner's release from custody.

3.     Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

4.     If Petitioner is redetained, all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

IT IS SO ORDERED.

SIGNED this May 21, 2026.

Diana Saldaña
United States District Judge